UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Greenbelt Division

|  |  |
|---|---|
| ELISE M. DURHAM, <br><br>     Plaintiff <br> v. <br><br> NATIONAL ASSOCIATION OF BLACK JOURNALISTS, <br><br>     Defendant | Civil Action No.  8:25-cv-04140-DLB |

## DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant, National Association of Black Journalists ("NABJ"), by and through its undersigned counsel, files this Answer to the Amended Complaint filed by Plaintiff, Elise M. Durham, in the above-captioned case and states as follows:

### FIRST AMENDED COMPLAINT

The introductory paragraph to the Amended Complaint does not contain statements of fact warranting a response.  However, to the extent a response is required, the allegations are denied.

### PARTIES, JURISDICTION, AND VENUE

1.    Defendant is without knowledge or any information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.    Admitted.  Defendant is an entity organized and existing under the laws of the State of Maryland and Washington, D.C.

3.    The allegations contained in Paragraph 3 of the Amended Complaint constitute a legal conclusion to which no response is required.

**FACTS**

4.      Defendant is without knowledge or any information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Admitted.

6.      Defendant admits that Plaintiff received the President's Award on a single occasion.  The remaining allegations in Paragraph 6 of the Amended Complaint are denied.

7.      Defendant is without knowledge or any information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Denied as phrased.

9.      Admitted.

10.     Defendant admits that Exhibit A is a copy of the purported "Employment Agreement" at issue in this case.  The remaining allegations set forth in Paragraph 10 of the Amended Complaint are denied as phrased.

11.     Defendant is without knowledge or any information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Denied.

13.     The allegations contained in Paragraph 13 of the Amended Complaint constitute an improper pleading of evidence.  To the extent an additional response is required, the purported "contract" referenced in Paragraph 13 speaks for itself and therefore requires no explanation, discussion or amplification by Defendant.  Without waiving this position, Defendant denies the characterizations set forth in Paragraph 13 of the Amended Complaint.

14-16.  Denied as phrased.

17.     The allegations contained in Paragraph 17 of the Amended Complaint constitute an improper pleading of evidence.  To the extent an additional response is required, the press release referenced in Paragraph 17 speaks for itself and therefore requires no explanation, discussion or amplification by Defendant.  Without waiving this position, Defendant denies the characterizations set forth in Paragraph 17 of the Amended Complaint.

18.     Denied as phrased.

19-20.  Admitted.

21-24.  Denied as phrased. To the extent a further response is required, the allegations contained in Paragraphs 21-24 of the Amended Complaint constitute an improper pleading of evidence.  The purported "contract" referenced in Paragraphs 21-24 speaks for itself and therefore requires no explanation, discussion or amplification by Defendant.  Without waiving this position, Defendant denies the characterizations set forth in Paragraphs 21-24 of the Amended Complaint.

25-27.  Denied.

28.     Defendant denies that any obligations were created by the purported Employment Agreement. Defendant is without knowledge or any information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29-30.  Denied.

31.     Defendant admits that it maintains a Constitution and Operating Procedures.  The remaining allegations contained in Paragraph 31 of the Amended Complaint, as phrased, constitute a legal conclusion to which no response is required. However, to the extent a response is required, the allegations are denied as phrased.

32.     Admitted.

33. The allegations contained in Paragraph 33 of the Amended Complaint constitute an improper pleading of evidence. To the extent an additional response is required, the Operating Procedures referenced in Paragraph 33 speaks for itself and therefore requires no explanation, discussion or amplification by Defendant. Without waiving this position, Defendant denies the characterizations set forth in Paragraph 33 of the Amended Complaint.

34. Defendant admits that, by all appearances, on August 4, 2025, NABJ outgoing President, Ken Lemon, and outgoing Executive Director, Drew Berry signed the Employment Agreement, without proper authorization.

35-36. The allegations contained in Paragraphs 35-36 of the Amended Complaint constitute a legal conclusion to which no response is required. However, to the extent a response is required, the allegations are denied.

37-39. Denied.

**COUNT I:**
**BREACH AND INTENTIONAL BREACH OF CONTRACT**

40. The allegation in Paragraph 40 of the Amended Complaint constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

41-42. Denied.

43. The allegations in the first sentence of Paragraph 43 of the Amended Complaint constitute an improper pleading of evidence. To the extent an additional response is required, the purported Employment Agreement referenced in Paragraph 43 speaks for itself and therefore requires no explanation, discussion or amplification by Defendant. The remaining allegations in Paragraph 43 are denied.

## COUNT II
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE
### *In the Alternative*

44. Plaintiff's incorporation of previous allegations does not warrant a response. *See* Answers to Paragraphs 4-39, *supra*.

45. The allegations contained in Paragraph 45 of the Amended Complaint constitute a legal conclusion to which no response is required.

46. The allegations contained in Paragraph 46 of the Amended Complaint constitute a legal conclusion to which no response is required. However, to the extent a response is required, the allegations are denied.

47-54. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Wherefore Clause following Counts I and II.

### JURY TRIAL DEMAND

Plaintiff's demand for a trial by jury does not warrant a response.

### GENERAL, NEGATIVE AND AFFIRMATIVE DEFENSES

1. Defendant generally denies liability to the Plaintiff for the causes asserted in the Amended Complaint.

2. The Amended Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred because Defendant's actions did not cause Plaintiff's alleged injuries and damages.

4. Plaintiff suffered no injuries and/or damages in connection with her allegations.

5. Plaintiff's claims are barred under the doctrines of contributory negligence and/or assumption of the risk.

5

6. Plaintiff failed to mitigate any damages allegedly suffered, which failure bars or reduces any recovery.

7. Plaintiff's claims are barred by principles of illegality, fraud, unclean hands, and/or mistake.

8. Plaintiff's claims are barred because the purported signatories on behalf of Defendant lacked the capacity to execute the Employment Agreement on behalf of, or otherwise bind, Defendant.

9. Plaintiff's claims are barred because she failed to satisfy one or more conditions precedent.

10. Plaintiff's claims are barred by principles of accord and satisfaction.

11. Plaintiff's claims are barred by principles of payment, waiver and/or release.

12. Plaintiff's claims are barred by principles of unconscionability.

13. Plaintiff's claims are barred by the absence of a condition precedent for Defendant's performance.

14. Until proven, Plaintiff's claims are barred by an absence of an executed written agreement and/or acceptance of terms.

15. Defendant reserves the right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under applicable substantive law.

16. Defendant invokes each and every defense available to it under the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant, National Association of Black Journalists, requests that the claims asserted against it by the Plaintiff be dismissed, with prejudice, and requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/Stephen M. Cornelius
Stephen M. Cornelius (Bar No. 29975)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: cornelius@ewmd.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2026 copies of the foregoing Answer were electronically served through CM/ECF upon all parties/counsel of record.

/s/Stephen M. Cornelius
Stephen M. Cornelius (Bar No. 29975)

7